UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN A. PERRI, | : | |
| | : | |
| Petitioner, | : | Civ. No. 20-18107 (RBK) |
| | : | |
| v. | : | |
| | : | |
| DAVID E. ORTIZ, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Brian A. Perri ("Petitioner" or "Perri"), is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (*See* ECF 1). For the following reasons, Petitioner's habeas petition is denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

A federal criminal complaint was issued against Petitioner in the United States District Court for the Eastern District of Pennsylvania on September 15, 2015 related to Petitioner's purported violations of child pornography laws. (*See* E.D. Pa. Crim. No. 15-486, ECF 1). Petitioner was arrested on September 18, 2015. The parties agreed to conditions of Petitioner's release on bail. (*See id.* ECF 3). Bail was set at $250,000 and Petitioner's conditions of release restricted him to his residence "at all times except for employment; education; religious services, medical, substance abuse, or mental health treatment; attorney visits, court appearances, court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer." (*See id.* at 1-2). The Eastern District of Pennsylvania's conditions of release

order also included technology restrictions as well as restricted Petitioner's access to areas where child congregate such as parks and playgrounds. (*See id.* at 1, 3).

In March 2016, Petitioner pled guilty to three counts of violating child pornography laws. (*See id.* ECF 29). On June 15, 2016, the Eastern District of Pennsylvania conducted a bail review hearing to determine if Petitioner had violated the conditions of his pretrial release. Petitioner was then held in custody. (*See id.* ECF 33). On June 27, 2016, Petitioner received a sentence of 120 months imprisonment. (*See id.* ECF 41).

The Federal Bureau of Prisons ("BOP") awarded Petitioner prior custody credit for September 18, 2015, the date of his arrest, as well as from June 15, 2016 to June 26, 2016. (*See* ECF 5-1 at 7). Petitioner's current scheduled release date from BOP custody is currently listed for March 11, 2025. *See* https://www.bop.gov/inmateloc/ (last visited on April 10, 2015).

Petitioner initiated this federal habeas action arguing that the BOP is improperly executing his federal criminal sentence. More specifically, Petitioner argues the BOP should award him prior custody credit for the time he spent on home confinement from September 18, 2015 to June 15, 2016. Respondent filed a brief in opposition to Petitioner's habeas petition. (*See* ECF 5). Thereafter, Petitioner filed a reply brief in support of his habeas petition. (*See* ECF 13).

**III.     LEGAL STANDARD**

Section 2241 of Title 28 of the United States Code "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2005))) (footnotes omitted). The execution of one's sentence includes such matters as the computation of a prisoner's sentence by prison officials. *See Woodall*, 432 F.3d at 242 (citing

*Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001)). As Petitioner is challenging the computation of his federal sentence, this matter is properly before this Court as a § 2241 habeas action.

IV.    DISCUSSION

Petitioner argues he is entitled to prior custody credit for the period of his pretrial/prejudgment home confinement from September 2015 to June 2016. He claims this period of home confinement amounted to punishment. In further support of his argument, Petitioner notes that there was a federal detainer lodged against him while on home confinement.

Section 3585 of Title 18 of the United States Code governs determinations of when a federal sentence commences for purposes of sentence calculation. Indeed, that section states as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Petitioner's arguments that he is entitled to prior custody credit during the period of his home confinement lack merit. In *Reno v. Koray*, 515 U.S. 50 (1995), the United States Supreme Court analyzed a similar issue to the one Petitioner raises in this habeas petition. In *Koray*, the

Supreme Court held that the phrase "official detention facility" in § 3585(a) refers to a correctional facility designated by the BOP for the service of federal sentences where the BOP "retains the discretion '"to direct the transfer of a prisoner from one penal or correctional facility to another.'" 515 U.S. at 58 (quoting 18 U.S.C. § 3621(b)). Thus, a defendant granted bail on restrictive conditions is considered "released." *See id.* at 57. Accordingly, in *Koray*, the Supreme Court determined that a petitioner who was released on bail to a community treatment center was not entitled to credit against his sentence of imprisonment. *See id.* at 65.

Since *Koray*, Courts have consistently applied its holding to find petitioners out on bail on home confinement are not in "official detention" eligible for prior custody credit under § 3585(b). *See West v. Warden, FCI Fort Dix*, 740 F. App'x 237, 238 (3d Cir. 2017) (petitioner arrested on child pornography charges not entitled to prior custody credit when out on bail in a residential re-entry center or on home confinement); *Brown v. Ortiz*, No. 18-8132, 2019 WL 3402045, at *2-3 (D.N.J. July 26, 2019) (finding petitioner was not entitled to prior custody credit while out on home confinement as "the Supreme Court's decision in *Koray* leaves no room for Petitioner's invitation to consider the level of restrictions imposed on his home confinement when determining whether he is entitled to prior custody credit under § 3585(b)"). Thus, Petitioner fails to show that he is entitled to prior custody credit for the period while out on bail on home confinement.[1] Accordingly, his habeas petition will be denied.

---

[1] Given that *Koray* and its progeny control, Petitioner's reliance on the imposition of a federal detainer while he was out on home confinement to warrant prior custody credit also is unavailing.

## V.        CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied. An appropriate order will be entered.


DATED: April 12, 2023                                                                s/ Robert B. Kugler
                                                                                                        ROBERT B. KUGLER
                                                                                                        United States District Judge